UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

WALGREEN CO
d/b/a Walgreens at 3655 S Dixie Highway,
and W-ICE, LTD.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Walgreen Co doing business as Walgreens at 3655 S Dixie Highway and Defendant W-ICE, Ltd. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Walgreen Co (also referenced as "Defendant Walgreen," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation registered in Florida. The parent company to Defendant Walgreen (Walgreens Boots Alliance, Inc.) is a NASDAQ company on the S&P 100 and 500 components, which not only owns Walgreens pharmacies but also owns pharmaceutical manufacturing, wholesale, and distribution companies. In 2020 it reported gross income of 139.5 billion dollars.

6. Defendant W-ICE, Ltd. (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3655 S Dixie Highway, Miami Florida 33133, identified as Folio 01-4121-006-0220, which is a commercial property built out as a Walgreens pharmacy.

## FACTS

7. At all times material hereto, Defendant Landlord's real property has been leased to co-Defendant Walgreen (the lessee). The lessee in turn has operated its Walgreens at 3655 S Dixie Highway pharmacy within that leased space.

8. Walgreens pharmacies sell pharmaceutical products and in addition sell cosmetics, health and wellness products, health information and photo services. Walgreens pharmacies, including the pharmacy located at 3655 S Dixie Highway are places of public

accommodation pursuant to 42 U.S.C. §12181(7)(F) since they are all primarily pharmacies. The Walgreens at 3655 S Dixie Highway pharmacy, which is the subject of this complaint, is also referenced as a "pharmacy" or "place of public accommodation."

9. At all times material hereto, Defendant Walgreen was (and is) a company owning and operating pharmacies under the "Walgreens" brand which are open to the public. Each of the Defendant's pharmacies (including the Walgreens located at 3655 S Dixie Highway) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104(6).

10. As the operator of pharmacies which are open to the public, Defendant Walgreen is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a pharmacy; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

11. Due to the close proximity to Plaintiff's home to the Walgreens pharmacy at 3655 S Dixie Highway location, on April 4, 2021 Plaintiff went to that Walgreens with the intent of purchasing sundry items.

12. While Plaintiff was shopping at this particular Walgreens pharmacy, he encountered many barriers to access and met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. On arrival at the Walgreens, Plaintiff had difficulty exiting his vehicle due to the non-compliant designated parking facilities and when he began shopping inside the facility and required use of the restroom, encountered areas of inaccessibility within the restroom facilities. Furthermore, when Plaintiff attempted to take a sip of water from the

drinking fountain within the pharmacy, he had great difficulty due to the fact that the drinking fountain did not have a hi-lo unit.  As such, Plaintiff has been denied full and equal access by the operator/lessee of the Walgreens pharmacy located at 3655 S Dixie Highway (Defendant Walgreen) and by the owner/lessor of the commercial property which houses the pharmacy (Defendant Landlord).

14. Due to being denied full and equal access to the Walgreens pharmacy located at 3655 S Dixie Highway, Plaintiff left the pharmacy feeling excluded, humiliated and dejected.

15. By virtue of the fact that Defendant Walgreen is the owner and operator of the second largest pharmacy store chain in the United States[1], Defendant Walgreen is well aware of the ADA and the need to provide for equal access in all areas of its pharmacies. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Walgreens pharmacy located at 3655 S Dixie Highway is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As the owner of commercial real property which is operated as a pharmacy which is open to the public, Defendant W-ICE, Ltd. is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant W-ICE, Ltd. is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

---

[1] https://en.wikipedia.org/wiki/Walgreens

4

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize the Walgreens pharmacy located at 3655 S Dixie Highway, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

5

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited the Walgreens pharmacy located at 3655 S Dixie Highway, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he was parking his car, when he took a drink from the water fountain, and went to the restroom at the pharmacy. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant Walgreen (lessee/operator of the Walgreens pharmacy located at 3655 S Dixie Highway) and Defendant Landlord (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the pharmacy, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Walgreens pharmacy located at 3655 S Dixie Highway.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.     The commercial space which is owned by Defendant Landlord (owner/lessor) which houses the Walgreens at 3655 S Dixie Highway pharmacy is operated by Defendant Walgreen (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i.     As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope. This is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

   ii.    As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), failure to provide accessible means of egress from the parking to the pharmacy due to the slope of the parking lot at the location of the accessible parking, in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped.

7

      iii.     As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the curb ramp as part of the accessible route, as the curb ramp has an excessive running slope. The non-compliant running slope is a violation of Section §4.7.2 of the ADAAG and Section §406 of the 2010 ADA Standards for Accessible Design.

      iv.     As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), the drinking fountain does not provide access to those who have difficulty bending, stooping, or leaning as the drinking fountain has not been outfitted with a hi-lo unit for standing persons or people have difficulty bending or stooping. This is in violation of Sections 4.1.3(10) of the ADAAG and Sections §602.7 of the 2010 ADA Standards for Accessible Design.

      v.     As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Specifically, signage in the bathroom is mounted on the hinge side of the door in violation of Section 4.30 of the ADAAG and Sections 703 of the 2010 ADA Standards of Accessible Design

      vi.     As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped (outside the stall) which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vii. As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the door without assistance as the door lock hardware is mounted beyond required reach allowed for approach provided above the finished floor. This is in violation of Sections 4.2.5 of the ADAAG and Sections 308.2.1 of the 2010 ADA Standards for Accessible Design.

viii. As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not mounted at the correct location from the side wall. This is a violation of 28 C.F.R. Part 36, and Section 604.5 of the 2010 ADA Standards for Accessible Design.

ix. As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the toilet seat is mounted below the required height. The seat height of a water closet must be 17" minimum and 19" maximum above the finished floor and the top of the seat. In this case, the seat height is too low, which is in violation of 28 C.F.R. Part 36, Section 213.3.1 and 213.3.2 of the 2010 ADA Standards for Accessible Design, Section 4.16.3 of the ADAAG and Sections 604.4 of the 2010 ADA Standards for Accessible Design.

x. As to Defendant Walgreen (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty in obtaining toilet paper without assistance because the toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards for Accessible Design.

29. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Walgreens pharmacy located at 3655 S Dixie Highway commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the pharmacy therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant W-ICE, Ltd. (owner and lessor of the commercial property) and Defendant Walgreen Co (lessee and operator of the Walgreens at 3655 S Dixie Highway pharmacy) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Walgreens pharmacy located at 3655 S Dixie Highway such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 19th day of April 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*